IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ADOL T. OWEN-WILLIAMS, Jr., *pro se*, | * | |
| Plaintiff, | * | Civil Action No. RDB-18-0001 |
| v. | * | |
| THE STATE OF MARYLAND, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

*Pro se* Plaintiff Adol T. Owen-William's ("Plaintiff" or "William") brings this Complaint against the Defendant State of Maryland ("Defendant" or "the State"), asserting claims for "false arrest and detention, false imprisonment, malicious prosecution, abuse of process, defamation, and intentional infliction of the emotional distress." (ECF No. 2.) Currently pending before this Court are Plaintiff's Motions to Remand (ECF Nos. 11, 14)[1] and Defendant's Motion to Dismiss (ECF No. 8). The submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motions to Remand (ECF Nos. 11, 14) are DENIED and Defendant's Motion to Dismiss (ECF No. 8) is GRANTED.

---

[1] Plaintiff labeled his motions as "Motions to Deny Removal." (ECF Nos. 11, 14.) Construing his pleadings liberally as this Court must under *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this Court treats them as motions to remand.

1

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Further, as a *pro se* Plaintiff, this Court has "liberally construed" the pleadings and held them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141 (4th Cir. Oct. 5, 2017).

Plaintiff Adol T. Owen-Williams asserts that he is a duly elected member of the Montgomery County Republican Central Committee ("MCRCC").[2] (ECF No. 2 at ¶ 1.) He claims that Michael L. Higgs, Jr. ("Higgs"), an employee of the State of Maryland, engaged in various acts to have him removed from the MCRCC and requested that Owen-Williams be given a "No Trespass Notice" at the MCRCC headquarters. (*Id.* at ¶¶ 7-8.) On October 17, 2016, Higgs called Montgomery County Police and requested that Owen-Williams be arrested for trespassing, breaking and entering, and malicious destruction of private property. (*Id.* at ¶ 9.) Three days later, on October 19, 2016, Owen-Williams was arrested when he attempted to enter the headquarters. (*Id.* at ¶ 10.) He alleges that he was then "falsely convicted" on or around January 31, 2017 of two of the three charges—trespassing, breaking and entering, and malicious destruction of private property—and given a two-year sentence.

---

[2] As this Court noted in *Owen-Williams v. Kwarciany*, No. PX-17-1112, 2018 WL 1316228 (D. Md. Mar. 13, 2018), the public record in fact reflects that Owen-Williams was removed from the Montgomery County Republican Committee in April of 2015 and unsuccessfully challenged the removal in this Court and the Circuit Court for Baltimore City, Maryland. *See Owen-Williams v. Higgs*, No. RWT-15-1811, 2015 WL 4578421 at *1–2 (D. Md. Jul. 27, 2015); *Owen-Williams v. Higgs*, No. 24C17002015 (Balt. City. Cir. Ct. Sept. 28, 2017) (dismissing the action and ordering Owen-Williams to pay costs).

(*Id.* at ¶ 14.) The conviction was "based primarily on the testimony of Higgs," including "Higgs' Perjury and Slander." (*Id.* at ¶¶ 14-15.) Subsequently on April 11, 2017, "upon a factual review of the false statements made by Higgs," an appellate court dismissed the charges. (*Id.* at ¶ 16.)

On November 22, 2017, Plaintiff filed this action in the Circuit Court for Baltimore City, Maryland, which Defendant timely removed to this Court pursuant to 28 U.S.C. § 1441 based on federal question jurisdiction under 28 U.S.C. § 1331. (ECF Nos. 1, 2.) The Complaint asserts various state-law tort claims related to his arrest and detention, with references to 42 U.S.C. § 1983, "United States Constitution," and the Fourth and Fourteenth Amendments to the United States Constitution. Therefore, this Court liberally construes Plaintiff's Complaint as asserting a claim under § 1983 for violation of Fourth Amendment right to be free from unlawful arrest and detention. *See Owen-Williams v. Kwarciany*, No. PX-17-1112, 2018 WL 1316228 (D. Md. Mar. 13, 2018) (construing identical claims as brought under § 1983).

## STANDARD OF REVIEW

### I. Motion to Remand

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal, and not the party seeking remand, bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d

3

932, 935 (4th Cir. 2008). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted).

   II.   **Motion to Dismiss**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. Further, a *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 Fed. App'x 141 (4th Cir. Oct. 5, 2017). However, even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

This Court begins by noting, as recently noted in *Owen-Williams v. Kwarciany*, No. PX-17-1112, 2018 WL 1316228 (D. Md. Mar. 13, 2018), that "Owen-Williams is clearly a vexatious litigant." 2018 WL 1316228, at *6. He has brought at least thirteen suits including

4

this action in the United States District Court for the District of Maryland in the last ten years, all of which were remanded, dismissed, or ended in summary judgment for the defendant.[3] In fact, as a result and at the request of the defendants in *Kwarciany*, this Court ordered that "prior to filing any new action in [this Court] arising from or related to OWEN-WILLIAMS' October 2016 arrest," Owen-Williams must meet various requirements including attaching a "sworn affidavit that the pleading is not frivolous, in bad faith, or intended to harass or vex the defendants or any other person."[4] (PX-17-1112, ECF No. 22.) While Plaintiff's Complaint relates to his October 2016 arrest and he has not filed a sworn affidavit, he initially filed this action in state court. Therefore, this Court addresses the merits of his claims and again finds that dismissal is appropriate.

### I. Motion to Remand

The "well-pleaded complaint rule" governs the presence or absence of federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). Under this rule, courts "ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating

---

[3] In *Kwarciany* this Court noted the following actions: *Owen-Williams v. Maryland*, No. RDB-18-01 (D. Md. 2018) (ongoing); *Owen-Williams v. Higg et al.s*, No. RWT-15-1811, 2015 WL 4578421 (D. Md. Jul. 27, 2015); *Owen-Williams v. Anne Arundel County Circuit Court*, PJM-14-874 (D. Md. Mar. 27, 2014); *Owen-Williams v. Montgomery County Circuit Court*, PJM-11-2247 (D. Md. Aug. 9, 2012); *Owen-Williams v. Maryland Motor Vehicle Admin. et al.*, No. RWT-12-1828 (D. Md. Aug. 9, 2012); *Owen-Williams v. Cyran et al.*, No. PJM-11-3354 (D. Md. Jul. 24, 2012); *Owens-Williams v. City of Gaithersburg*, No. PJM-10-185 (D. Md. Jan 7, 2011); *Owen-Williams v. Palmer*, No. PJM-09-2293 (D. Md. Feb. 26, 2010); *Owen-Williams v. Sallah*, No. DKC-09-2670 (D. Md. Oct. 27, 2009); *Owen-Williams v. Montgomery County Circuit Court*, PJM-09-2076 (D. Md. Aug. 6, 2009). A Maryland Judiciary Case Search also reveals 25 cases filed in various Maryland Circuit and District Courts by "Adol Theo Owen-Williams, Jr.," "Adol T. Owen-Williams Jr.," and "Adol T. Owen-Williams." *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

[4] Maryland state courts have also issued pre-filing injunctions against Owen-Williams. *See Owen-Williams v. Sallah et al.*, Case No. 309831 (Mont. Cir. Ct., Md. Feb. 3, 2010); *Garland v. Owen-Williams*, No. 241501V (Mont. Cir. Ct., Md. Apr. 14, 2003); *Owen-Williams v. Carl Robert Meyer*, No. 197131 (Mont. Cir. Ct., Md. Dec. 20, 2000).

federal-question jurisdiction under 28 U.S.C. § 1331." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996)). Plaintiff's "Motion to Deny Removal," organized as another complaint, states under "jurisdiction and venue" that this is an action under Title 42 of the United States Code "and the common law of the City and State of Baltimore Maryland." Further, this Court liberally construes his claims to be brought under § 1983 for violation of his Fourth Amendment right to be free from unlawful arrest and detention. Therefore, this Court has subject-matter jurisdiction over Plaintiff's § 1983 claims and supplemental jurisdiction over any state law claims which are part of the same case or controversy. *See* 28 U.S.C. § 1367(a). Accordingly, his Motions to Remand (ECF Nos. 11, 14) are DENIED.

## II. Motion to Dismiss

The State of Maryland argues that Plaintiff's federal claims under 42 U.S.C. § 1983 must be dismissed because the State is not a proper defendant. To state a claim under § 1983, the plaintiff must name a defendant who qualifies as a "person" under the statute. *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 686 (D. Md. 2018). As the United States Supreme Court held in *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989), "a State is not a person within the meaning of § 1983." 491 U.S. at 64, 109 S. Ct. 2304; *see also Proctor*, 289 F. Supp. 3d at 686. Similarly, to the extent that Plaintiff is attempting to bring a claim against Higgs in his official capacity, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71, 109 S. Ct. 2304.

6

Further, the Plaintiff has not pled any facts to establish that the State of Maryland is liable for any of Higgs' actions under the theory of supervisory liability. As this Court stated in *Proctor*:

> To establish supervisory liability under § 1983, a plaintiff must show that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

289 F. Supp. 3d at 691. The Plaintiff has not identified a supervisor or pled facts to meet any of the elements of supervisory liability. Therefore, Plaintiff may not bring claims under 42 U.S.C. § 1983 against the State of Maryland and these claims are DISMISSED WITH PREJUDICE.

Construing Plaintiff's Complaint liberally, he also brings state law tort claims against the State under the Maryland Tort Claims Act ("MTCA"), Md. Code Ann., State Gov't § 12-101, *et seq.*[5] As the Maryland Court of Appeals explained in *Cooper v. Rodriguez*, 443 Md. 680, 118 A.3d 829 (Md. 2015), "[g]enerally, under common law, the State enjoys sovereign immunity and is thus protected from suit for both ordinary torts and State constitutional torts." 443 Md. at 844. The State has partially waived this immunity under the MTCA, however, if a party alleges that a State employee committed a tort while acting within the scope of his or her employment and without malice or gross negligence. *Id.* at 845.

Owen-Williams's claims do not fall within this partial waiver of sovereign immunity

---

[5] Although this Court dismisses Plaintiff's constitutional claims, this Court may still exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a).

7

for two reasons. First, he has not plausibly alleged that Higgs was acting within the scope of his employment when he allegedly committed tortious conduct. Although Plaintiff repeatedly uses the phrase "scope of employment," the only fact he alleges to support this conclusion is that Higgs called the Montgomery County Police "from his office." This fact is insufficient to show that he was acting "in furtherance of the business of the employer and [was] authorized by the employer." *Tall v. Bd. of School Comr's of Baltimore City*, 120 Md. App. 236, 251, 706 A.2d 659 (Md. Ct. Spec. App. 1998). Second, even if Plaintiff had adequately alleged that Higgs was acting within the scope of his employment, the Complaint repeatedly asserts that Higgs acted with "actual malice." (ECF No. 1 at ¶¶ 33, 40, 48, 53.) Therefore, the State is immune from Plaintiff's suit. *See Cooper*, 443 Md. at 708 ("If 'the State employee has acted with malice or gross negligence, . . . the State is immune from suit and the injured party may only bring a viable tort claim against the State employee.'" (quoting *Ford v. Baltimore City Sheriff's Office*, 149 Md. App. 107, 120-21, 814 A.2d 127, 134 (Md. Ct. Spec. App. 2002))).

Further, in order to bring a claim under the MTCA, a plaintiff must file "a written claim with the Treasurer or a designee of the Treasurer within 1 year after the injury to person or property that is the basis of the claim." § 12-106(b)(1); *Royster v. Gahler*, 154 F. Supp. 3d 206, 217 (D. Md. 2015). The Complaint does not allege that Owen-Williams complied with this requirement. For all of these reasons, Plaintiff's state law claims are DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated above, Plaintiff's Motions to Remand (ECF Nos. 11, 14) are DENIED and Defendant's Motion to Dismiss (ECF No. 8) is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE.

A separate order follows.


Dated: July 25, 2018                                             /s/

                                                                 Richard D. Bennett
                                                                 United States District Judge